OPINION OF THE COURT
RENDELL, Circuit Judge.
Nassar Rahmaan appeals from a jury verdict finding him guilty of conspiracy, identity theft, and passport offenses, and his resulting sentence of 78 months’ imprisonment. Rahmaan contends that the District Court erred by (1) denying his request to cross-examine a government witness regarding a 1993 aggravated assault conviction, (2) applying a sentencing enhancement based on the involvement of six passports in the offense, and (3) finding that Rahmaan was an organizer or a leader of criminal activity for sentencing purposes. We write only for the parties and assume their familiarity with the factual and procedural history of this case. We will affirm.
*339 At trial, the government provided evidence that Rahmaan recruited, instructed, transported, and paid individuals to apply for passports using their identifying information and another person’s picture. One of these individuals, Malik Upshur, applied for a passport using his own picture and identifying information and gave the passport to Rahmaan for a promised payment of $1,000.
During the trial, Rahmaan attempted to cross-examine a government witness, Scottie Williams, regarding a 1993 aggravated assault conviction. Rahmaan initially contended that this conviction was relevant to disprove the government’s suggestion in its opening statement that Rah-maan had control or influence over Williams. On appeal, Rahmaan argues that the conviction should have been admissible to impeach Williams under Federal Rule of Evidence 609. The District Court ruled that Williams’ conviction was irrelevant because the government had not suggested that Rahmaan had any control over Williams, and inadmissible because it did not comply with Federal Rule of Evidence 609(b). Under Rule 609(b), evidence of a conviction is inadmissible to impeach a witness if it is more than ten years old, unless the court decides that its probative value “substantially outweighs” its prejudicial effect. The District Court did not err in excluding evidence of Williams’ conviction, as it was over ten years old and had virtually no probative value.[1]
At Rahmaan’s sentencing, the District Court applied an enhancement under U.S.S.G. section 2L2.1 upon finding that “the offense involved six or more documents or passports.” Rahmaan claims that there were only five fraudulent passports involved in the offense because the passport that contained Upshur’s photograph [2] and identifying information was legitimate. However, Rahmaan solicited Upshur to obtain this passport and paid Upshur for it. Therefore, the District Court did not err in applying the enhancement under U.S.S.G. section 2L2.1 because Upshur’s passport was clearly “involved” in the offense, though the passport may have been legitimate.
Finally, Rahmaan contends that he was entitled to a jury finding regarding his role in the offense for sentencing purposes under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, the portion of the Ap-prendi holding that Rahmaan relies on applies only to facts that increase the statutory maximum punishment—such facts must be found by a jury and proved beyond a reasonable doubt. United States v. Grier, 475 F.3d 556, 567 (3d Cir.2007) (en banc).
Facts relevant to application of the Guidelines ... do not [increase the maximum punishment], E.g., Tannis, 942 F.2d at 198; see also U.S. Sentencing Guidelines Manual § 5G1.1. They inform the district court’s discretion without limiting its authority. They therefore do not constitute “elements” of a “crime” under the rationale of Apprendi and do not implicate the rights to a jury trial and proof beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348.
Id. at 567-68.
The District Court properly determined on its own that Rahmaan was an organizer *340 or a leader of the criminal activity for sentencing purposes, as this finding did not increase Rahmaan’s statutory maximum punishment.
For the foregoing reasons we will AFFIRM Rahmaan’s conviction and sentence.

. Rahmaan's argument based on Rule 609, governing impeachment, is subject to plain error review because it was not raised at trial. The District Court did not plainly err in not permitting the evidence on this basis.

. Upshur first attempted to apply for a passport using photographs of a black male given to him by Rahmaan. After the passport clerk told Upshur that the photos did not look like him, Upshur applied for a passport using photographs of himself.